# UNITED STATES DISTRICT COURT

for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE BODY OF LAWRENCE GABALDON, YOB 1992 | ) ) ) ) ) ) Case No. 23mr1905 |

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, attached hereto and incorporated herein by reference.

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922 | Prohibited Person in Possession of a Firearm |

The application is based on these facts:
See attached affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Nancy Stemo, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___Telephonically Sworn and Electronically Signed___ *(specify reliable electronic means)*.

Date: __10/10/2023__

*Judge's signature*

City and state: Albuquerque New Mexico      Steven C. Yarbrough, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>THE BODY OF LAWRENCE GABALDON, YOB 1992 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Nancy Stemo, having been duly sworn, does hereby depose and state that the following is true to the best of my information, knowledge, and belief:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure ("FRCP") for a warrant to search the body of LAWRENCE GABALDON ("GABALDON") (born in 1992), to collect deoxyribonucleic acid ("DNA") samples by way of buccal swabs. I believe GABALDON's DNA may be present on multiple firearms seized on May 28, 2020, at 1536 Five Points Road SW; and July 16, 2023, at 60131 Iliff Road Northwest, Albuquerque, New Mexico.

2. GABALDON is currently in federal custody in the District of New Mexico. He was originally arrested for violating 21 U.S.C. §§ 846, 841(b)(1)(C), 841 (b)(1)(B), and 18 U.S.C. § 2, subsequently pled guilty, and was re-arrested on October 5, 2023, by Bernalillo County Sheriff's Office and transferred into federal custody on October 10, 2023. GABALDON's latest arrest was for a pre-trial release violation.

3. Because this affidavit is submitted for the limited purpose of seeking a search warrant to collect DNA samples from GABALDON, I have not set forth each and every fact I have

learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the requested search warrant.

## PURPOSE OF THE AFFIDAVIT

4. As set forth herein, there is probable cause to believe that GABALDON committed violations of 18 U.S.C. § 922, that prohibited person in possession of a firearm and ammunition. Because there is probable cause to believe GABALDON possessed the firearms listed below there is also probable cause to believe that GARMAN's DNA will be found on pieces of evidence collected in this investigation. Therefore, there is probable cause to collect a DNA sample from GABALDON via buccal swab in order to compare it with samples collected from the lawfully seized evidence in this case.

## AFFIANT'S RELEVANT TRAINING AND EXPERIENCE

5. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been since May 2016. I am recognized as a "federal law enforcement officer" within the meaning of FRCP 41(a)(2)(C). I am currently assigned to the FBI's Child Exploitation and Human Trafficking Task Force where I investigate offenses involving the exploitation of children. I was previously assigned to the Violent Crimes Task Force ("VCTF") and Safe Streets Task Force ("SSTF") where I investigated a myriad of federal violations, including drug and firearms trafficking, robberies, and criminal enterprises. I have received on the job training from other experienced agents in the investigation of federal offenses. I was involved in the investigation into the target of this investigation, Lawrence GABALDON, in my previous assignments with the VCTF and SSTF.

6. I have learned that individuals involved in illicit firearms possession and firearms trafficking often conceal evidence of their firearms trafficking in their residences, or residences of

relatives, friends, or associates, and areas surrounding their residences, to include, garages, carports, outbuildings, and vehicles parked on or near their property. I am also aware the possessors of firearms will frequently handle the firearms with bare hands in order to transport them, shoot them, or keep them concealed. I am also aware that when individual's handle firearms, their DNA is often left behind and is detectable by lab technicians.

7. Through my training and experience, I am aware that human saliva and droplets of human sweat contain DNA, which can be used to help identify an individual. I am also aware that DNA from human saliva or sweat droplets can potentially be recovered and used to help identify an individual after the individual comes in contact with a surface or an object such as a firearm.

8. It has been my experience that criminals who illegally possess firearms often do not part with such firearms, as it may be difficult for criminal to acquire firearms.

## PROBABLE CAUSE

9. In May 2017, Lawrence GABALDON, aka "Mono," became the subject of an FBI investigation after he represented his ability to sell drugs and firearms to an FBI Confidential Human Source ("CHS"). Agents reviewed Facebook accounts associated with GABALDON and noted dozens of pictures of GABALDON posing with various firearms. GABALDON sold the CHS cocaine, three firearms (one of which was listed stolen in the National Crime Information Center ("NCIC")), and heroin within a 38-day period. During the interactions with the CHS, GABALDON indicated he was able to possess and sell grenades and rocket launchers; however, he was unable to provide either item to the CHS.

10. In July 2017, the FBI obtained a District of New Mexico search warrant for GABALDON's residence for evidence of 21 U.S.C. §§ 841, 843, and 846 and 18 U.S.C. §§ 924(c), 922(j), and 2. On July 26, 2017, the FBI executed the search warrant on GABALDON's residence

and interviewed him. GABALDON was cooperative during the interview and waived his Miranda Rights. GABALDON described himself as a gun enthusiast and admitted he previously sold guns to a known felon, whom he described as someone who had done prison time. GABALDON admitted he obtained various tattoos which represented three separate street gangs to further his image as a musician. GABALDON admitted he sold controlled substances and provided the name of his supplier to agents. GABALDON also claimed his supplier forced him to sell the firearms. During the search of the residence, the FBI located marijuana, ammunition, two pistols, a rifle, four digital scales, a grinder, and clear plastic bags. All firearms in GABALDON's possession were removed on this date.

11. The FBI subsequently arrested GABALDON and his supplier.[1] GABALDON was arrested for violating 21 U.S.C. § 841. GABALDON was released to a halfway house and re-arrested on October 12, 2017, for violating his conditions of release. On December 6, 2017, GABALDON pleaded guilty to violating 21 U.S.C. §§ 846, 841(b)(1)(C), 841 (b)(1)(B), and 18 U.S.C. § 2. GABALDON was released to a third-party custodian pending sentencing with the conditions that he does not possess firearms, utilize alcohol, unlawfully possess narcotics or other controlled substances (unless prescribed), report any law enforcement contact (including arrests, questioning, or traffic stops) to a supervising officer, among others. Furthermore, GABALDON was ordered to reside with the third-party custodian at a specific location. GABALDON is prohibited from possessing firearms as he is currently a person under indictment and was a fugitive from justice until he was arrested on October 5, 2023.

---

[1] Criminal Complaints were obtained for both men in July 2017. In August 2017, an indictment was issued by the Federal Grand Jury in Albuquerque and included four counts stemming from the investigation of GABALDON. Refer to District of New Mexico court case 17-CR-2244, for the court record regarding GABALDON.

12. In April 2020, I obtained information from the New Mexico's Second Judicial District Attorney's Office, Crime Strategies Unit ("CSU") regarding GABALDON being involved in obtaining firearms and residing at a non-court authorized location. I also became aware that the Bernalillo County Sheriff's Office ("BCSO") suspected GABALDON exchanged gunfire with another individual and interviewed GABALDON. GABALDON failed to disclose this contact with law enforcement to his supervising officer. I confirmed GABALDON was not residing with the Court appointed third party custodian and was residing elsewhere.

13. On May 27, 2020, a District of New Mexico arrest warrant[2] was issued for GABALDON for violating the conditions of his release, namely, failing to reside with the Court appointed third party custodian at a specified address, and failure to report contact with law enforcement. A District of New Mexico search warrant[3] was also authorized on May 27, 2020, for 1536 Five Points Road Southwest, Albuquerque, New Mexico 87105 and it allowed the FBI to search the residence for GABALDON and evidence of firearms possession.

14. On May 28, 2020, the FBI executed the search warrant at 1536 Five Points Road Southwest, Albuquerque, New Mexico and located GABALDON in the residence, as well as Gloria TESILLO. The FBI also located a 9mm handgun, ammunition, gun cleaning materials, and a small quantity of methamphetamine. GABALDON's mother indicated she purchased the firearm; however, she stated GABALDON may have handled the firearm briefly. GABALDON was arrested and booked into federal custody. GABALDON was subsequently released to the La

---

[2] Refer to District of New Mexico court case 1:17CR-2244-001JCH.

[3] Refer to District of New Mexico court case 20-MR-786.

Pasada Halfway House. The firearm was identified as a Stoeger STR-9, 9mm handgun, serial number T6429-19U04135.

15. On June 16, 2020, the FBI was advised GABALDON absconded from the halfway house and an arrest warrant[4] was issued. The FBI located GABALDON at an apartment leased by TESILLO in February 2022. On February 9, 2022, a District of New Mexico search warrant[5], was obtained for TESILLO's apartment, located at 1513 Lead Avenue SE, Apartment 1, Albuquerque, New Mexico. On February 11, 2022, the FBI executed the search warrant and arrested GABALDON. TESILLO was present at the apartment.

16. In September 2022, GABALDON was released from custody to the La Posada Halfway House. On November 10, 2022, the FBI was advised an arrest warrant[6] was issued for GABALDON because of drug use. According to the probation officer's petition, GABALDON tested positive for Suboxone and fentanyl and subsequently admitted to using those substances. GABALDON was terminated from the La Posada Halfway House. Law enforcement attempted to arrest GABALDON at the halfway house on November 10, 2022; however, he had departed the location.

17. On July 16, 2023, I was contacted by Albuquerque Police Department ("APD") Detective A. Brown regarding a call for service at the Motel 6 located at 60131 Iliff Road Northwest, Albuquerque, New Mexico. Detective Brown indicated an approximately six-month-old child was located deceased at the location and GABALDON was a suspect in the death. The child's twin sister was also located in the room and taken to the hospital and tested positive for

---

[4] Refer to District of New Mexico court case 1:17CR-2244-001JCH, document 98.

[5] Refer to District of New Mexico court case 22-MR-206.

[6] Refer to District of New Mexico court case 1:17CR-2244-001JCH, document 118.

illicit substances. Detective Brown noted a powder consistent with a drug cutting agent and drug paraphernalia was located throughout the room. A firearm and ammunition were also located in the bathroom, in a bag under the sink. I also spoke with APD Detective C. Neaderhouser who indicated surveillance footage of the exterior of the room was located. A male matching GABALDON's description was observed leaving the room prior to the call for service. Detective Neaderhouser indicated the footage clearly showed the male was GABALDON. TESILLO was subsequently arrested and indicted for reckless abuse of a child (results in death), abuse of a child (does not result in death or great bodily harm) and possession of a controlled substance.[7] TESILLO claimed she left her children with relatives; however, both relatives denied being at the hotel. A search warrant was obtained by the FBI for the firearm and ammunition that were seized from TESILLO's room. The firearm was identified as a Kel-Tec Sub 2000 9mm Luger, serial number 00103.

      18.    On October 5, 2023, BCSO and New Mexico State Police ("NMSP") positively identified GABALDON at an apartment where he was residing and arrested him on a federal arrest warrant.  On October 10, 2023, I and SA Mark Nehez picked up GABALDON from MDC. While at MDC, GABALDON began speaking with Agents about his case and was advised of his *Miranda Rights*, which he verbally waived. GABALDON indicated he did not know he could not possess firearms and inquired if he was allowed to possess prop firearms for his music videos. GABALDON denied possessing firearms and indicated the firearms on his Facebook were not his, but he did hold them. GABALDON indicated he was tired of hearing about DNA when I asked if his DNA would be located on the firearm located at hotel off Iliff and the one seized from Five

---

[7] Refer to State of New Mexico court case D-202-CR-202-1803.

Points Road. I informed him he was advised to not possess firearms previously and he was not to possess firearms or ammunition.

19. Based on my training and experience and the facts as set forth in this affidavit, I believe there is probable cause to believe that violations of 18 U.S.C. § 922 have been committed by GABALDON.

20. The Stoeger and Kel-tech firearms are all in the lawful custody of the FBI. Based on my training, experience, and involvement in this case, I know that these items were collected and have been stored in such a manner that DNA present on the evidence at the time of collection will still be present on the evidence at this time. Contemporaneously with the execution of this warrant, investigators will obtain sample swabs from the firearms. Those samples will be compared with the DNA samples collected from GABALDON pursuant to the authorization sought in this application.

21. The buccal swab samples from GABALDON will be obtained pursuant to approved procedures, without unnecessary discomfort to GABALDON, in private, and under circumstances where he will feel little or no pain or embarrassment.

22. GABALDON can be described as a white male adult, standing approximately five feet five inches tall and weighs approximately 240 pounds. He has brown hair and brown eyes and has "1992" and "OJG" tattooed on his face. GABALDON is currently in federal custody in the District of New Mexico.

## CONCLUSION

23. Based on my training and experience and the facts as set forth in this affidavit, I believe there is probable cause to believe that violations of 18 U.S.C. § 922 have been committed by GABALDON and that the DNA samples sought in this warrant will provide evidence of those

8

violations. Therefore, I am seeking authorization under Rule 41 of the Federal Rules of Criminal Procedure to collect a DNA sample from GABALDON, via buccal swab, to compare with any DNA that is found on the evidence seized in this matter.

24. Assistant United States Attorney Matthew Nelson has reviewed and approved this application.

25. I swear that this information is true and correct to the best of my knowledge.

Respectfully submitted,

Nancy Stemo
Special Agent
Federal Bureau of Investigation

Electronically Submitted and Telephonically Sworn on October __10th__, 2023:

HONORABLE STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A
PERSON TO BE SEARCHED

LAWRENCE GABALDON was born on January 3, 1992. GABALDON has a social security number ending in 6925. GABALDON recently resided at 401 14th Street NW, Apartment 8, Albuquerque, New Mexico. GABALDON is approximately 5'5" tall and weighs approximately 240 pounds, he has brown eyes and brown hair. He has "1992" and "OJG," tattooed on his face.

GABALDON is pictured below;



## ATTACHMENT B
ITEMS TO BE SEIZED

The following material, which constitute evidence of the commission of a criminal offense, namely violations of 18 U.S.C. § 922(g)(1), that being prohibited person in possession of a firearm and ammunition:

1. Affiant will use DNA buccal swabs to collect samples of DNA from GABALDON.